IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE J. NULL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 2:18-759 |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 11 and 17]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 12 and 18]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 17] is granted and Plaintiff's Motion [ECF No. 11] is denied

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

December 23, 2014. [ECF No. 9-7 (Exs. C1D, C2D)]. In his application, he alleged that he was disabled due to three crushed vertebrae, degenerative disc disease, social anxiety/panic attacks, and depression, and that he had been unable to work since May 24, 2012. [ECF No. 9-7 (Ex. C2D); ECF No. 9-8 (Ex. C1E)]. Administrative Law Judge ("ALJ") John A. Fraser held a video hearing on June 23, 2017, at which Plaintiff was represented by counsel. [ECF No. 9-2, at 26-52]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 46-51. In a decision dated August 21, 2017, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 9-2, at 12-21]. On April 4, 2018, the Appeals Council denied Plaintiff's request for review. Id. at 2-4. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 11 and 17]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in

light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ Erred in Evaluating Plaintiff's Pain Complaints

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including lumbar degenerative disc disease status post laminectomy syndrome. [ECF No. 9-2, at 14]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 17. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except with the following limitations: the claimant could only occasionally reach overhead and forwards; occasionally climb ramps or stairs, balance, and stoop; and never climb ladders or scaffolds, kneel, crouch, or crawl. Id. at 17-19.

Plaintiff argues that the ALJ failed to weigh his pain testimony properly. [ECF No. 12, at 6-14]. In determining disability, the ALJ must consider all of a claimant's symptoms, including pain. In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms;

4

statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p.[2] Additionally, the ALJ will consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 416.929(c). The ALJ also will look at inconsistencies between the claimant's statements and the evidence presented. Id. I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. See Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir.2003).

After a review of the record in this case, I find the ALJ applied the above standard. [ECF No. 9-2, at 17-19]. The ALJ did not ignore or deny the fact that Plaintiff suffered chronic back pain that increased over time, but considered Plaintiff's allegations in connection with all of the other evidence of record in finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other record evidence. Id. For example, the ALJ considered, inter alia, the types and frequency

---

[2] Social Security Ruling 16-3p, effective March 28, 2016, rescinded and superseded Ruling 96-7p. Because the date of the ALJ's opinion in this case, August 21, 2017, post-dates the March 28, 2016 effective date, Ruling 16-3p applies. See 82 Fed. Reg. 49462 (clarifying that SSA adjudicators will apply Ruling 16-3p when making determinations and decisions after March 28, 2016). Although the two rulings do not materially differ in substance, Ruling 16-3p eliminates the use of the term "credibility" and clarifies that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p; see also 20 C.F.R. § 416.929(c) (effective March 26, 2017).

of treatment sought by Plaintiff, his activities of daily living, and the measures used to relieve Plaintiff's pain. Id.³  Again, the ALJ did not discount Plaintiff's pain allegations in their entirety. Rather, he limited Plaintiff to sedentary work and included numerous restrictions related to Plaintiff's pain complaints in his RFC finding.  Id. (imposing limitations on, inter alia, reaching, climbing, balancing, stooping, kneeling, crouching, and crawling).

Plaintiff's more specific points challenging the ALJ's pain analysis are likewise without merit.  [ECF No. 12, at 8-14].  As an initial matter, much of Plaintiff's brief argues that there is evidence to support his contention that he suffers disabling pain. The question, however, is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding.  Rather, the issue before me is whether substantial evidence supports the ALJ's findings.  Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's arguments in this regard are misplaced.  Plaintiff also focuses on evidence showing that, although treatment records report his pain as stable, his treatment has not provided pain *relief* and that his pain gradually increases over time.  It is well-established, however, that a claimant need not be pain free or symptom free to be found not disabled.  Rather, the claimant must still show he is unable to perform substantial gainful activity.  Petition of Sullivan, 904 F.2d 826, 845 (3d Cir. 1990).  As set forth above, the ALJ here did not disagree that Plaintiff experiences significant, and sometimes increasing, pain; he found, however, that the pain was sufficiently

---

³ Among other things, the ALJ noted that Plaintiff's pain was managed with a morphine pump and adjustments thereto; that he received joint injections and pain management treatment; that contemporaneous medical examinations showed a normal and steady gait, no lower extremity edema, and normal coordination; that he reported walking and doing cardio exercise regularly; that other treatment notes indicated his pain was stable and controlled with medication; and that Plaintiff declined further surgery even when injections did not provide relief.  In addition, the ALJ cited Plaintiff's work history; the June 2017 functional capacity examination that opined he could work at a sedentary exertion level with restrictions (the only medical opinion of record); and Plaintiff's daily activities such as driving, shopping, reading, washing dishes, and using a computer.  [ECF No. 9-2, at 17-19 (citing Exs. C3E, C5F, C7F, C9F, C10F, C11F, C12F, C14F)].

controlled with medication and other treatment to permit Plaintiff to perform some substantial gainful activity. Plaintiff also takes issue with the ALJ's reliance on the fact that Plaintiff declined further back surgery even when lumbar injections did not provide pain relief. The ALJ's focus on this point, however, was not, as Plaintiff suggests, to show that Plaintiff refused to follow *prescribed* treatment, but to support his finding that Plaintiff chose a relatively conservative treatment path. Indeed, Plaintiff himself at the hearing testified that his doctors suggested another back surgery but that he "really want[s] to hold off on it" for as long as he can. [ECF No. 9-2, at 42].

For all of these reasons, I find nothing improper in the ALJ's assessment of Plaintiff's pain allegations and that his findings in this regard are supported by substantial evidence.

### C. Whether the ALJ's Hypothetical Question to the VE Was Defective

Plaintiff argues that the ALJ's hypothetical question to the VE was defective because, although the ALJ gave the Functional Capacity Examination performed at Penn Highlands DuBois Hospital great weight, he failed to include certain limitations from that FCE into the hypothetical question. [ECF No. 12, at 15-18]. In particular, Plaintiff faults the ALJ for failing to include the FCE's "significant" manipulative limitations, including reduced strength in his bilateral hands, reduced dexterity in his bilateral hands, and an ability to only occasionally use his bilateral arms to reach forward or overhead. Id. at 16-17. Plaintiff notes that, when these significant manipulative limitations were presented in the ALJ's second hypothetical question to the VE, the VE testified that all of the sedentary jobs he testified the hypothetical individual could perform would be eliminated except for the job of video monitor (a subset of surveillance system monitor). See id.; see also ECF No. 9-2, at 48-49 (VE testimony). According to the VE, however, there are 161,000 video monitoring positions in the national economy, see ECF No. 9-2, at 49, well

more than a "significant number" of jobs that Plaintiff could perform. See, e.g., Craigie v. Bowen, 835 F.2d 56, 58 (3d Cir.1987); Bennett v. Barnhart, 264 F. Supp. 2d 238, 259 (W.D. Pa. 2003). Thus, even assuming that Plaintiff could only occasionally make use of his hands, the VE testimony still supports the ALJ's finding that a significant number of jobs exist in the national economy that Plaintiff could perform. Accordingly, I find that remand is not appropriate on this issue.

Plaintiff further argues that the hypothetical question to the VE was defective because the ALJ failed to include a restriction of no bending or stooping even though the FCE opined that Plaintiff could not perform these activities. [ECF No. 12, at 18]. This argument is not persuasive. Even assuming that Plaintiff was so restricted (or that the ALJ assumed as much in giving great weight to the FCE), Plaintiff does not argue or otherwise show that the surveillance system monitor/video monitor position identified by the VE required any bending or stooping. In fact, courts that have addressed this issue have consistently found that the surveillance system monitor position does not require bending or stooping. See, e.g., Moffatt v. Astrue, Civil Action No. 10-226, 2010 WL 3896444, at *5 (W.D. Pa. Sept. 30, 2010) (VE testified that surveillance system monitor did not need to bend or stoop); Kincy v. Chater, 896 F. Supp. 1065, 1069 (D. Kan. 1995) (hypothetical individual who could not bend or stoop could work as a surveillance system monitor); Walck v. Colvin, Case No. 1:15-cv-01265-CCC-GBC, 2017 WL 3405115, at *8 (M.D. Pa. Mar. 17, 2017), report and recommendation adopted by Walck v. Berryhill, 2017 WL 3394399 (Aug. 8, 2017) (noting that the DOT does not require an individual to balance, stoop, or perform other postural movements to perform the job of surveillance system monitor, and suggesting that remanding for failing to include such immaterial limitations in the hypothetical question, especially where, as here, Plaintiff's counsel did not pose a hypothetical containing them, would incentivize

practices that would lead to remands even though plaintiffs ultimately would not receive benefits). Because jobs the VE identified do not require bending or stooping, remand is not required for failure to include those limitations in the hypothetical question.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE J. NULL,

    Plaintiff,

vs.

ANDREW M. SAUL, Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:18-759

AMBROSE, Senior District Judge

# ORDER OF COURT

AND NOW, this 3rd day of July, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 17] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 11] is DENIED. The decision of the Commissioner is hereby affirmed.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).